UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Isaias Francisco Rodriguez (A-Number: 222-589-581),

Petitioner,

v.

Tonya Andrews, Warden of the Golden State Annex Detention Facility; Todd Blanche, Attorney General for the United States of America; Markwayne Mullin, Secretary of the Department of Homeland Security; David Venturella, Acting Director of Immigration and Customs Enforcement; ICE/ERO, Fresno Field Office of Bureau of Immigration and Customs Enforcement,

Respondents.

No. 1:26-cv-05564-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Isaias Francisco Rodriguez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. The Court construed the petition as challenging the statutory authority for petitioner's detention and ordered respondents to show cause why the petition should not be granted. *See* Doc. 8. Respondents argue "that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)." *See* Doc. 9. But the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances.

Respondents also acknowledge that this "case is in the category of immigration habeas cases for which the Court has typically ordered immediate release," and they do not request that

the Court order an alternative remedy. *See id.* They further "request to submit on this pleading alone without additional documentation or briefing and request that the Court rule on the Petition in its entirety." *Id.*

Accordingly, the petition for writ of habeas corpus is GRANTED. The Court ORDERS that respondents release petitioner Isaias Francisco Rodriguez (A-Number: 222-589-581) immediately. If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: July 30, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.